IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOSEPH SMITH
ADC #127880                                                              PLAINTIFF

V.                             5:10CV00264 DPM/JTR

LARRY NORRIS, Former Director,
Arkansas Department of Correction, et al.                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Joseph Smith, who is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction, has filed his § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).
    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a

## II. Discussion

Plaintiff alleges that, in March of 2009, Defendants violated his Fourteenth Amendment right to procedural due process when they wrongfully convicted him of several disciplinary charges. *Id.* As a result of those disciplinary convictions, Plaintiff was confined in punitive isolation for thirty days, and he was reduced in class. *Id.*

A prisoner has a right to procedural due process, under the Fourteenth Amendment, only if he has a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). It is well settled that an inmate does *not* have a liberty interest in maintaining a particular classification level. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

Similarly, the Supreme Court and the Eighth Circuit have held that placement in punitive isolation for relatively short intervals of time, and the temporary suspension of privileges while so confined, does *not* constitute the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause. *Sandin*, 515 U.S. at 482-86 (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life"); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship, under *Sandin*); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 (8th Cir. 1996) (holding that

---

cause of action will not do." *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

a prisoner did not have a liberty interest, and thus no procedural due process rights, in avoiding placement in punitive isolation for thirty days). Accordingly, Plaintiff has failed to state a viable due process claim.

Plaintiff also contends that Defendants violated several ADC rules during the course of his disciplinary proceedings. *See* docket entry #2. However, prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips*, 320 F.3d at 847 (8th Cir. 2003); *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996) (explaining that a § 1983 claim must be based upon a violation of a constitutional or federal statutory right). Thus, he has failed to state a viable § 1983 claim for relief.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this § 1983 action be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim on which relief may be granted.

2. Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 10th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE